| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Transocean Offshore Deepwater §
Drilling Inc., §
　　　　　　　　　　　　　　　§
　　　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* §　　　　　　　　Civil Action H-07-2797
　　　　　　　　　　　　　　　§
Stena Drilling Limited, §
　　　　　　　　　　　　　　　§
　　　　　　Defendant. §

## Opinion on Dismissal

1.　*Introduction.*

　　A company says that drilling equipment being installed on three ships under construction abroad infringes its patents. The court has no jurisdiction.

2.　*The Parties.*

　　Transocean Offshore Deepwater Drilling Inc. is an American company that has patents on offshore-drilling equipment. Stena Drilling Limited is a Bermudan company that is having three drill ships built in South Korea for three different owners. The ships are DrilMAX I, II, and III; they will be referred to as Drill 1, 2, and 3. Because the owners of the ships and the companies hiring them to drill wells are all distinct from Stena Drilling Limited, it is not clear that the court has the proper parties before it. Because this is a jurisdictional challenge, for this limited purpose the court will assume Stena would be the responsible party on the drilling contracts.

3.　*Infringement.*

　　The ships are not being built in the United States; they have not been sold or used here. The question is whether Stena has offered to sell the ships in the United States. Ordinarily, a claim of patent infringement is predicated on an unlicensed sale or use in the

United States; however, since 1994, the law has allowed an infringement action to be based on an unlicensed offer for sale.[1]

A patent owner may now enjoin a company from offering to sell an infringing product – it need not be built or sold. The infringing offer must still have been in the United States.

4.   *Offer for Sale in the United States.*

The transactions with all three ships are essentially the same. One company owns a ship, and it charters it to another company that drills wells for a fee. The drilling contractor has a commitment from another company in oil and gas exploration and production – an oil operator – to pay the drilling contractor to drill wells on its site. The oil operator furnishes the site, geology, and funds, while the drilling contractor is a third-party that supplies a service.

Transocean has characterized the drilling contract as a sale. It is not. Whether the contract is for years or for a number of wells, the oil operator never has an interest in or possession of the drilling contractor's equipment. Transocean says that this long-term arrangement is the functional equivalent of a sale. It might be arguable that a bailment of the useful life of the equipment is parallel to a sale, but Congress did not say that offers of transactions similar to or in substitute of a sale were covered. Maybe it should have, but it did not.

5.   *DrillMAX I.*

Stena Drilling Limited – a Bermudan corporation – is having a Korean shipyard build the Drill 1. It is owned by Katrine Leasing Limited, a British corporation. Under a charter from Katrine, it will be operated by Stena DrillMAX 1 Limited, a Bermudan company. Its initial drilling contract is with Repsol Exploracian, S.A., a Spanish corporation. It may be used in the United States' sector of the Gulf of Mexico.

Transocean says that it may sue because Stena is offering the ship for use. *Use* occurs only in the present. An *offer* for sale is always for *use* somehow, sometime, somewhere. The Drill 1 is not in use in the United States or anywhere else; no case may be predicated on its use.

---

[1] 35 U.S.C. § 271 (a); Uruguay Round Agreements Act, Pub.L. No. 103-465, § 533(a), 108 Stat. 4809, 4988 (1994).

Long before a product is ready for use, it may be offered for sale. The law forbids its being offered for sale in the United States – it does not forbid an offer abroad to sell a product that might someday be used here.

Transocean cannot meet the domestic test for the offers about the Drill 1. No party to the ship's construction, sale, charter, or drilling contract is an entity of the United States. Transocean has no evidence that it was offered here. It would make no difference. Congress did not create jurisdiction over foreign corporations that just happen to conclude a deal while in the United States.

The court has no jurisdiction over the transactions about the Drill 1.

6. *DrillMAX II.*

The Drill 2 is being built in Korea by Stena Drilling Limited, a Bermudan company. It is owned by A&L CF Limited, a British corporation. It will be operated under a charter by Stena DrillMAX II Limited, a Bermudan company. Its initial drilling contract is with Chevron North Sea Limited, a British company, for use in the North Sea. It has no connection with the United States, as Transocean appears no longer to contest. In its last response to Stena's motion to dismiss, it does not mention the Drill 2. The court has no jurisdiction over the transactions about the Drill 2.

7. *DrillMAX III.*

The Drill 3 is being built in Korea for Stena Drilling Limited, a Bermudan corporation. It is owned by A&L CF No.2 Limited, a British corporation. It will be operated under a charter by Stena DrillMAX III Limited, a Bermudan company. Its initial drilling contract is with Hess, an American company, for use in the U.S. Gulf of Mexico.

Transocean's claim against Stena for the ship's having been offered for sale for use fails for the same reasons it did for the Drill 1. The relationship between drilling contractor and oil operator is not a sale of equipment.

Transocean also argues that Stena offered the Drill 3 in the United States, but this conclusion was based solely on the ship's future likely use in the American Gulf of Mexico. The court has no jurisdiction on the ground that the ship might someday be used in United States waters.

Nowhere in the pleadings does it describe an offer to sell – in the sense of a real world transaction – that occurred in the United States. It does say that "It appears the contract was negotiated and executed in part in the United States."[2] The contract was for the use of equipment not a transfer of title to equipment. No sale.

Whatever it was, it was pleaded to have been done here. First, partial negotiation is not sufficient to invoke the authority of American law to the whole transaction. Second, partial completion of the paper work is an impossibly weak basis for jurisdiction – as bad as the extensions of the scope of the statute against mail fraud. Third, the site of the signing is a not a fact. It is a supposition, and its support is limited to: (a) Hess is a domestic corporation, and (b) a senior vice-president of Hess signed the contract.[3]

The court has no jurisdiction over the transactions about the Drill 3.

8. *Conclusion.*

The claims of Transocean Offshore Deepwater Drilling Inc. against Stena Drilling Limited for patent infringement will be dismissed for want of jurisdiction.

Signed on May 13, 2008, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge

---

[2] (Transocean's Response to Stena's Supplemental Reply in Support of its Motion to Dismiss, page 4.)

[3] (Transocean's Response to Stena's Supplemental Reply in Support of its Motion to Dismiss, page 4.)